**JAMESON CARE CENTER, INC., Jameson Rehabilitation Center, Inc. and Jameson Medical Services, Inc.**

v.

**COUNTY OF LAWRENCE, Pennsylvania and Neshannock Township School District and Laurel Area School District.**

**Neshannock Township School District, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1999.

Decided June 8, 2000.

Ira Weiss, Pittsburgh, for appellant.

David R. Cohen, Pittsburgh, for appellees.

Before DOYLE, President Judge, and COLINS, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., FLAHERTY, J. and LEADBETTER, J.

FLAHERTY, Judge.

The Neshannock Township School District (District) appeals from an order of the Court of Common Pleas of Lawrence County (trial court) which reversed the

decision of the Lawrence County Board of Commissioners (Commissioners) and granted tax-exempt status to Jameson Rehabilitation Center (Jameson)[1].

Jameson, which was founded in 1951, is a non-profit corporation exempt from federal taxes, which provides outpatient therapy services to physically disabled children and adults. Construction of a facility in Neshannock was completed in June of 1995. On August 18, 1995, the Neshannock property was reassessed. Jameson filed a request for a tax exemption, which request was denied by the Commissioners. Jameson appealed to the trial court which determined that Jameson was entitled to exemption from real estate taxes for the years 1996 through 1998. This appeal by the District followed.

■ This court's review is limited to determining whether the trial court's findings are supported by substantial evidence or whether the trial court abused its discretion or committed an error of law. *Lewistown Hospital v. Mifflin County Board of Assessment,* 706 A.2d 1269 (Pa. Cmwlth.1998).

Four issues are raised by District on appeal: (1) whether Jameson competes with for-profit rehabilitation centers and is therefore not entitled to exemption under Section 202 of the Fourth to Eighth Class County Assessment Law (Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.202(a)(3); (2) whether the trial court erred in determining that Jameson is exempt from taxes for the years 1996 through 1998; (3) whether the trial court erred in finding that Jameson qualifies as a purely public charity under *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985) (the HUP test) and (4) whether the trial court erred in finding that Act 55 of 1997 is constitutional.

---

1. Although Jameson Care Center, Inc. and Jameson Medical Services, Inc. were originally part of this action and remain in the case caption, the status of these entities was resolved by stipulation prior to trial. (R.R. at 63a–64a, 148a–152a).

■ As to the first issue, 72 P.S. § 5453.202(a)(3) provides in pertinent part (a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to wit:

. . .

(3) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity . . . with the grounds annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: . . . Provided further, That the property of associations and institutions of benevolence or charity be necessary to and actually used for the principal purposes of the institution *and shall not be used in such a manner as to compete with commercial enterprise.* (Emphasis supplied.)

District maintains that the evidence demonstrates that Jameson is in competition with for-profit rehabilitation centers and is therefore not entitled to tax exemption. For the following reasons, we agree.

The record indicates that Jameson is in competition with other for profit rehabilitation facilities seeking to provide rehabilitation services to local school districts. Specifically, Jameson obtained a contract with Neshannock School District beginning in the 1993–94 school year to provide an athletic trainer program, whereby an employee of Jameson assists student athletes in their practice sessions and games by providing remedial therapy, taping and assistance to an injured athlete. Washington Centre Physical Therapy (Washington), a for-profit rehabilitation facility had also submitted a bid to provide an athletic trainer. A review of Washington's proposal to Neshannock indicates that, like Jameson, it too proposed that the salary for the trainer and the cost of his benefits be shared. (R.R. at 380a, 385a.) Here, both a for-profit rehabilitation center, Washington, and a non-profit rehabilitation center,

Jameson were in competition to obtain the same type of work, at competitive prices. Both proposals indicated that the cost to the district would be $13,000.00 (R.R. at 380a, 382a.) Testimony by a Jameson witness indicates that over the past few years Jameson has entered into five agreements with other local school districts to provide an athletic trainer. (R.R. at 175a.) Such conduct by Jameson evidences that it is in competition with commercial enterprise. *See Appeal of City of Harrisburg,* 18 Pa. Cmwlth. 440, 337 A.2d 303 (1975) wherein a non-profit corporation, organized for the purpose of providing low cost housing to the elderly rented parking spaces to its residents and also to other parties at a higher rate which was competitive with the cost of space in the downtown area. This court determined that as to the parking spaces rented to non-residents, the non-profit corporation was in competition with other property owners in the downtown area. Although *City of Harrisburg* dealt with 72 P.S. § 5453.202(b) which provides that property from which income or revenue is derived, other than from recipients of the bounty of the institution shall be subject to taxation, the court's reasoning that the non-profit corporation was in competition with other entities is instructive to the analyses in the present case. Here, Jameson, in entering into contracts for rehabilitation services outside of its facility is in competition with other for-profit corporations who provide the same service.

We also observe that Jameson is similar in nature to Med Aid, a for-profit rehabilitation center located in Lawrence County. A review of the record reveals that both Jameson and Med Aid accept Medicare patients. Jameson's financial statement reveals that 16 to 17% of its patients are Medicare patients (R.R. at 307a) whereas 18% of Med Aid's patients are Medicare Patients (R.R. at 103a). Med Aid has 8% to 10% of unreimbursed costs (R.R. at 106a) while Jameson attributes 9% of its operating expenses to free care. (R.R. at 196a.) Both facilities compete for clients

whose expenses are subject to reimbursement from health insurance, workers' compensation and automobile insurance. According to a Jameson witness, services provided by it are also provided by other rehabilitation centers in Lawrence County. (R.R.at 189a).

Jameson maintains that its practices are essentially indistinguishable from those of Gateway Rehabilitation Center, a drug and alcohol rehabilitation facility which this court determined was a charitable institution exempt from local taxation. *Gateway Rehabilitation Center, Inc. v. Board of Commissioners of the County of Beaver*, 710 A.2d 1239 (Pa.Cmwlth.1998). However, unlike the present case, the issue of whether Gateway was used in a manner so as to compete with commercial enterprise, was not present in that case. Thus, *Gateway* is not determinative in this case.

Because of our determination that Jameson competes with for-profit rehabilitation centers and is therefore not entitled to tax-exemption, we need not address the remaining issues raised by District. Accordingly, because Jameson competes with for-profit rehabilitation centers, the order of the trial court granting it tax exemption is reversed.

## *ORDER*

NOW, June 8, 2000, the order of the court of Common Pleas of Lawrence County at No. 70021 M.D. of 1998 dated December 18, 1998 and amended February 12, 1999, is reversed.

Judge SMITH dissents.